UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Robert Wayne Kerner,

    Plaintiff

v.

U.S. Veteran Affairs Medical Center, et al.,

    Defendants

Case No.: 2:23-cv-01872-JAD-MDC

**AMENDED[1] Order Denying Plaintiff's Motions and Extending Service Deadline**

[ECF Nos. 18, 19, 22, 23]

    Pro se plaintiff Robert Wayne Kerner sues the United States, the Veteran Affairs Medical Center in North Las Vegas, and various other government agencies and officials for medical malpractice, negligence, failure to obtain informed consent, and intentional infliction of emotional distress.[2] He moves for entry of default and default judgment against the United States and the Veterans Affairs Medical Center, contending that he served those defendants but they have not responded to his lawsuit.[3] The United States, who has not formally appeared in

---

[1] Kerner's reply in support of his motion for entry of default hit the docket a couple of hours after this order was originally filed. *See* ECF No. 25. I have reviewed the reply and conclude that none of Kerner's arguments compel a result different from the one reached in the original order. He contends that "documented tracking records confirm the receipt of all necessary documents" in his attempt to show that he properly served the defendants. ECF No. 25 at 2. But those records show only that something was sent to the United States Attorney's Office—they do not confirm that Kerner's amended complaint was in fact served. *See* ECF No. 14. Kerner also argues that the U.S. Attorney's Office has received CM/ECF notifications for many of the documents filed in this case, "rendering any claims of 'improper notice' baseless." ECF No. 25 at 2. But service by CM/ECF does not satisfy or substantially comply with Federal Rule of Civil Procedure 4(i)'s specific requirements. In these circumstances, the proper course of action is to give Kerner another chance to perfect service. His deadline to do so remains December 2, 2024.

[2] ECF No. 12 at 3–4.

[3] ECF Nos. 19, 22. He also seeks an expedited ruling on his default-judgment motion (ECF No. 23) and moves to compel discovery (ECF No. 18).

this action, filed a response arguing that it and its agencies have not been served by the method required by Federal Rule of Civil Procedure 4(i).

Rule 4(i) outlines the process that must be followed to serve the United States and its agencies, corporations, officers, or employees. It requires that a party suing the United States deliver or send by registered or certified mail a "copy of the summons and of the complaint to the United States attorney for the district where the action is brought."[4] And to serve an agency, a party must both serve the United States in the manner described above and also send copies of the summons and complaint to the agency.[5]

Kerner filed an affidavit of service stating that he served the summons and amended complaint by USPS Certified Mail on the United States Attorney for the District of Nevada, the Attorney General of the United States, and the Secretary of Veterans Affairs.[6] The United States doesn't dispute that Kerner sent a copy of the summons to the United States Attorney for Nevada, but avers that he did not attach the operative complaint.[7] Kerner has not responded to that argument and, on this record, it appears that Kerner served the summons but inadvertently left out his second-amended complaint. So the United States—and by extension the Department of Veterans Affairs and the Veterans Affairs Medical Center—have not been properly served.[8]

---

[4] Fed. R. Civ. P. 4(i)(1)(A)(i)–(ii).

[5] Fed. R. Civ. P. 4(i)(2).

[6] ECF No. 14 at 1.

[7] ECF No. 20 at 3 (first citing ECF No. 20-1 (summons received by the United States Attorney's Office); then citing ECF No. 20-2 (declaration of Assistant United States Attorney Virginia T. Tomova)).

[8] North Las Vegas has been docketed as a separate defendant in this action. But it's unclear if Kerner meant to sue the city itself as a separate defendant or if he just meant to identify the V.A. Medical Center he's suing as the one located in North Las Vegas. To the extent that he sues the city separately, he's attached no proof of service for that entity and hasn't shown that he properly served it under Rule 4(j)(2).

Even if they had been properly served, and as I've explained to Kerner before, obtaining default judgment against a party is a two-step process that requires the plaintiff to first ask the clerk of court to enter default against the non-answering party, and then, *after the clerk has entered default*, to file a motion seeking the entry of default judgment.[9] While Kerner did file a motion for clerk's entry of default, he did not wait until default was entered before filing his default-judgment motion. If the clerk's default has not been entered, the court cannot consider a default-judgment motion. And even if this procedure had been properly followed, Kerner did not properly support his motion. As I explained to Kerner in a prior order, the plaintiff must "provide a detailed analysis" of the factors that this court must consider before ruling on a default-judgment motion.[10] Kerner again failed to provide that analysis.

So I deny Kerner's motions for clerk's entry of default, default judgment, to expedite a ruling on default judgment, and to compel discovery responses because Kerner has not shown that the United States or its agencies have been properly served with complete process. To allow Kerner to correct the service deficiencies identified in this order, I sua sponte extend the deadline for him to properly serve the defendants in this case. Kerner must serve the defendants in a manner that complies with Rule 4 by December 2, 2024.

## Conclusion

IT IS THEREFORE ORDERED that Robert Wayne Kerner's pending motions **[ECF Nos. 18, 19, 22, 23] are DENIED**.

---

[9] *See* ECF No. 7; Fed. R. Civ. P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

[10] ECF No. 7 at 2; *see also Eitel*, 782 F.2d at 1471–72 (explaining the factors that courts must consider when deciding a default-judgment motion).

3

IT IS FURTHER ORDERED that the **deadline for Kerner to properly serve the defendants is extended to December 2, 2024**.

_____
U.S. District Judge Jennifer A. Dorsey
November 4, 2024

4