**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Robert Wayne Kerner,

    Plaintiff

v.

U.S. Veteran Affairs Medical Center, et al.,

    Defendants

Case No.: 2:23-cv-01872-JAD-MDC

**Order Granting Defendants' Motion to Extend Deadline and Denying Plaintiff's Motion for Sanctions**

[ECF Nos. 35, 40]

    Pro se plaintiff Robert Wayne Kerner filed this suit against the United States, the Veteran Affairs Medical Center in North Las Vegas, and various other government agencies and officials for medical malpractice, negligence, failure to obtain informed consent, and intentional infliction of emotional distress.[1] This case got off to a slow start because Kerner's effort to effectuate service of process was deficient.[2] After a deadline extension, it appears that Kerner was able to serve the United States of America and the U.S. Veteran Affairs Medical Center, and their answer was due January 20, 2025. A few days before that deadline ran, those defendants filed a request for a 30-day extension of that response deadline, explaining that they were working to obtain information from the VA so they could prepare a proper response.[3] Kerner not only opposes that request, he wants the court to sanction the defendants for what he perceives as "a continuing pattern of undue delay, bad faith, and procedural manipulation."[4]

    I first address Kerner's request for sanctions because it reflects a misconception about the litigation process and the limitations of the court's sanction power. This case did not officially

---

[1] ECF No. 12 at 3–4.
[2] ECF No. 26.
[3] ECF No. 35.
[4] ECF No. 40.

begin until Kerner effectuated service on any defendant, and that didn't happen until last month. The notion that the defendants have engaged in a pattern of delay and abuse is simply unsupported by the record. The only thing they've done since being served[5] was file their motion and reply asking for an extra 30 days to answer.[6] Although Kerner suggests that the defendants have had an "awareness of [his] claims since August 2022,"[7] the law requires far more than awareness for the court to impose sanctions. As the Ninth Circuit Court of Appeals explained in *B.K.B. v. Maui Police Department*, bad faith is required.[8] Nothing that the defendants have done in this litigation even hints at bad faith. So the request for sanctions is denied.

      Kerner's refusal to afford the defendants a brief, 30-day extension of their answer deadline also reflects a misunderstanding of the speed at which federal civil litigation moves and the court's expectations for common courtesies. Federal Rule of Civil Procedure 6(b)(1) permits courts to extend deadlines, and the Ninth Circuit has instructed district courts that this rule should "be liberally construed to effectuate the general purpose of seeing that cases are tried on

---

[5] This is not a substantive finding that service was properly effectuated. The record is insufficient for the court to make that determination at this time because Kerner has not filed proof of service.

[6] ECF Nos. 35, 38. Kerner also contends that the defendants improperly included "dismissed entities as Defendants" in their filings. ECF No. 40 at 4. He does not explain who these entities are. Kerner has filed without seeking leave of court a total of five versions of his complaint, *see* ECF Nos. 8, 10, 12, 29, 36, although Federal Rule of Civil Procedure 15(a) permits just one amendment without leave of court or the opposing parties' consent. *See* Fed. R. Civ. P. 15(a). At this point, it is not clear which of these pleadings is the operative one or who the operative defendants are. So this court cannot fault the defendants for using a caption that does not comport with the one Kerner believes to be accurate.

[7] ECF No. 40 at 2.

[8] *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1108 (9th Cir. 2002).

the merits."[9]  So, "in absence of bad faith on the part of the party seeking relief or prejudice to the adverse party," requests for extensions before the applicable deadline has passed should routinely be granted.[10]  And in this district, they are.  So the court also expects that parties extend to one another the common courtesy of reasonable deadline extensions.

Defense counsel's request for a 30-day extension of the answer deadline falls squarely into the category of extension requests that the Ninth Circuit encourages the district courts to grant liberally.  In a motion filed before the response deadline ran, counsel represents that they need the extra time to gather information required to properly respond to Kerner's third-amended complaint.  Thirty additional days is a reasonable, non-abusive extension length.  And Kerner has not identified any true legal prejudice[11] he will suffer if the answer deadline is extended.  So the request for an extension of the response deadline is granted.  The United States of America and the U.S. Veteran Affairs Medical Center's deadline to respond to the complaint that Kerner served upon them is extended to February 19, 2025.  **Both sides are advised that the court expects them to grant each other reasonable extension requests in the future and file stipulations reflecting those agreements.**

---

[9] *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010).

[10] *Id.* at 1259.

[11] "'Legal prejudice' is a term of art: it means 'prejudice to some legal interest, some legal claim, some legal argument.'"  *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1280 (9th Cir. 2023) (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)).  Further delay in the resolution of a claim is not legal prejudice. *Id.*

IT IS THEREFORE ORDERED that the motion to extend the deadline to respond to the third-amended complaint **[ECF No. 35] is GRANTED.  The United States of America and the U.S. Veteran Affairs Medical Center have until February 19, 2025, to answer or otherwise respond to the complaint served on them.**

IT IS FURTHER ORDERED that the plaintiff's motion for sanctions **[ECF No. 40] is DENIED.**

Finally, IT IS FURTHER ORDERED that **the plaintiff must file by February 7, 2025, proof of service of process** for any defendant who has been served.  That proof of service must identify what documents were served, on whom they were served, and when.  The form for such proof can be found on this court's website at https://www.nvd.uscourts.gov/self-help-portal/self-help-general-information/general-forms/ under the "Civil Summons" button.

_____
U.S. District Judge Jennifer A. Dorsey
January 28, 2025