**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Robert Wayne Kerner,

    Plaintiff

v.

United States of America, et al.,

    Defendants

Case No.: 2:23-cv-01872-JAD-MDC

**Order Denying Plaintiff's Motions**

[ECF Nos. 44, 45, 53, 54, 55]

    Pro se plaintiff Robert Wayne Kerner sues the United States for medical malpractice, alleging that he was misdiagnosed and mistreated at the Department of Veterans Affairs Medical Center in North Las Vegas, Nevada.[1]  Kerner has filed multiple pleadings, but it was his third amended complaint that was most recently served.  Although the government's answer to that complaint was originally due in January, on the government's motion,[2] this court extended the answer deadline to February 19, 2025,[3] and the government timely filed its answer on that day.[4]

    Kerner has since filed two motions to strike that answer, arguing that it responds to the wrong version of his complaint,[5] and he asks for a default judgment against the United States.[6] He's also filed a motion calling for me to recuse from this case because my orders and perceived delays demonstrate "a clear pattern of bias in favor of the Defendant."[7]  I deny the motion for

---

[1] ECF No. 29 (third amended complaint).
[2] ECF No. 35.
[3] ECF No. 41.
[4] ECF No. 43.
[5] ECF Nos. 44, 53.
[6] ECF No. 55.
[7] ECF No. 45 at 1.

recusal because Kerner has not identified a legitimate basis in the law for such relief. And because the government's answer responds to Kerner's third amended complaint as the court directed, I deny Kerner's motions to strike it and for a default judgment.

**A.    Recusal is unwarranted.**

Kerner calls for my recusal because he believes that my "handling of this case demonstrates a clear and continuing pattern of bias in favor of the Defendant, the United States of America."[8] He claims that I have "repeatedly supplied legal arguments on behalf of" the government, but doesn't identify any.[9] He perceives that I have "consistently ruled in favor of" the government though "contrary to established legal precedent and the record of the case"; "delayed, dismissed, or ignored" motions he has filed; and "permitted" the government "to continue litigating based on a dismissed complaint," violating due process.[10] He also believes that the "prejudicial rhetoric" in my rulings demonstrates that I have "predetermined the outcome of this litigation in favor of the Defendant."[11]

Despite the various ways that Kerner has found to characterize his dissatisfaction, ultimately his frustration boils down to a disagreement with my rulings, opinions I have expressed in written orders, and the pace of this litigation. But as the United States Supreme Court explained in *Liteky v. United States*, judicial rulings are "almost never" a basis for recusal.[12] Indeed, the law is clear that "[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a

---

[8] *Id*. at 2.
[9] *Id*.
[10] *Id*. at 3.
[11] *Id*. at 4.
[12] *Liteky v. United States*, 510 U.S. 540, 555 (1994).

2

statistical basis."[13]  As the Ninth Circuit explained in *United States v. Holland*, "the basis for recusal" almost always must be "something other than rulings, opinions formed, or statements made by the judge during the course of" the case.[14]

Even "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."[15]  "A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune."[16]  Kerner's remedy for decisions that he believes are erroneous or perceived violations of process is the appellate process, not recusal.  So I deny his request to recuse myself from this case.

**B.    The government timely answered the right version of the complaint.**

Kerner asks this court to strike the defendant's answer, arguing that it responds to "a dismissed and nullified filing."[17]  He notes, correctly, that the version of the complaint filed on November 20, 2024—the third amended complaint—is the operative one in this case.[18]  But he asserts without elaboration that the answer responds instead to "the null July 2024 complaint."[19]

The record contradicts Kerner's characterization of the answer as one responsive to the superseded, July 2024 version of the complaint.[20]  Filed in the docket as the "Second Amended Complaint," that July 2024 pleading asserted four claims for relief, while the third amended

---

[13] *Matter of Beverly Hills Bancorp,* 752 F.2d 1334, 1341 (9th Cir. 1984).
[14] *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008).
[15] *Liteky*, 510 U.S. at 555.
[16] *Id*.
[17] ECF No. 44 at 3.
[18] ECF No. 53 at 3.
[19] *Id*.
[20] *See* ECF No. 12 (second amended complaint).

3

complaint contains just a single claim for medical malpractice.[21] The answer addresses just one claim for relief, and the paragraph numbers it references correspond with paragraph numbers in the third amended complaint, not the second amended complaint.[22] The headings in the answer also match up perfectly with those in the third amended complaint and not those in the second amended complaint:

| **Second Amended Complaint** (ECF No. 12) | **Third Amended Complaint** (ECF No. 29) | **Answer** (ECF No. 43) |
|---|---|---|
| Preliminary Statement | I. Introduction | I. Introduction |
| Charges | II. Jurisdiction and Venue | II. Jurisdiction and Venue |
| Relief Requested | III. Parties | III. Parties |
| Total Monetary Award Requested | IV. Factual Background | IV. Factual Background |
| | V. Claims for Relief | V. Claims for Relief |
| Case Laws Referenced | VI. Prayer for Relief | VI. Prayer for Relief |

The answer also begins by stating that "Federal Defendants United States of America and U.S. Veteran Affairs Medical Center, North Las Vegas ("Federal Defendants") submit their answer to Plaintiff Robert Wayne Kerner's **Third Amended Complaint ECF No. 29**."[23]

These characteristics support the conclusion that the answer is responsive to Kerner's third amended complaint at ECF No. 29, and it was that version of Kerner's complaint that the

---

[21] *Compare* ECF No. 12 *with* ECF No. 29.

[22] *Compare, e.g.*, ECF No. 29 at 4, paras. 2(a)–(c) *with* ECF No. 43 at 3 (responding to the same paragraphs).

[23] ECF No. 43 at 1 (emphasis added).

4

government was directed to respond to by February 19, 2025.[24]  It did so timely.[25]  The government has thus timely answered the operative complaint, so I deny Kerner's motions to strike that answer and to enter a default judgment against the government.[26]

## Conclusion

IT IS THEREFORE ORDERED that **the third amended complaint at ECF No. 29**, which is the version of the complaint that the court ordered served upon the government, and which asserts a single claim for medical malpractice, **is the operative complaint** in this case.

IT IS FURTHER ORDERED that **the fourth amended complaint filed on January 1, 2025, at ECF No. 36 is STRUCK** because it was filed without leave of court and in violation of Federal Rule of Civil Procedure 15(a), which allows a plaintiff to amend his complaint just "once as a matter of course" and without leave of court.[27]  If Kerner desires to file a fourth amended complaint, he must attach it to a properly filed motion for leave to amend that complies with this court's Local Rules 7-2 and 15-1.  **The Clerk of Court is directed to TERMINATE as defendants North Las Vegas, Nevada; Attorney General of the United States; United States Attorney for the District of Nevada; Joyce Lewis-Barrett; and Kristen Nelson.**

---

[24] ECF No. 41.

[25] ECF No. 43.

[26] Even if the government had failed to file a timely answer, Kerner's request for a default *judgment* misses a critical step and would have to be denied on that basis: before a plaintiff can ask for a default judgment, he must obtain a clerk's entry of default. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); *accord Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment).  Kerner has been previously advised of this required preliminary step.  *See* ECF No. 24 at 3.

[27] Fed. R. Civ. P. 15(a).  Although Kerner's second and third amended complaints were also filed in violation of this rule, I overlook these violations because the government has answered the third amended complaint and because doing so fosters the interest of moving this case forward.

IT IS FURTHER ORDERED that **this matter is referred to the magistrate judge to issue any appropriate orders to get this case onto the litigation track**. The answer [ECF No. 43] was filed more than 30 days ago, but it is unknown whether the pro se plaintiff has initiated "the scheduling of the conference required by Fed. R. Civ. P. 26(f) to be held within 30 days after the first defendant answers or otherwise appears," as Local Rule 26-1(a) requires.

IT IS FURTHER ORDERED that Kerner's motions to strike the answer and to enter a default judgment **[ECF Nos. 44, 53, 55] are DENIED**, and his request to expedite the ruling on the amended motion to strike **[ECF No. 54] is DENIED as moot** because this court is entering this order before the expedited date requested by Kerner.

Finally, IT IS FURTHER ORDERED that the motion for recusal **[ECF No. 45] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
March 27, 2025