# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Robert Wayne Kerner, | Case No. 2:23-cv-01872-JAD-MDC |
| Plaintiff, | |
| v. | ORDER REGARDING PLAINTIFF'S FAILURE TO APPEAR FOR COURT HEARING |
| United States of America | |
| Defendant. | |

On March 31, 2025, the Court entered an order (ECF No. 57) ("03/31/25 Order") scheduling discovery and setting a status hearing for June 16, 2025, to be conducted virtually over Zoom. Plaintiff claims there exists a myriad of procedural irregularities and ambiguities and that ultimately the defendant is somehow in default. *See e.g., ECF Nos. 83 and 79.* It is also evident from plaintiff's allegations that his claims are serious and that he is zealously pursuing the merits of his claims. The Court is sympathetic to the health matters alleged by plaintiff in his filings.

Considering such circumstances and because plaintiff is pro-se, the Court set the June 16, 2025, status hearing largely for plaintiff's benefit to discuss the procedural status of the case, the progress of discovery, and to ensure the case is moving towards a timely and orderly adjudication of plaintiff's claims. The June 16, 2025, status hearing was a formal judicial proceeding. Plaintiff, however, did not appear at the June 16, 2025, hearing as ordered. Plaintiff received notice of the hearing and the Zoom instructions and credentials but elected not to participate and comply with the Court's 03/31/25 Order. *See ECF No. 87*.

Plaintiff's primary reason for refusing discovery or complying with the Court's orders is because he disagrees with the District Judge's prior rulings and the procedural posture of this case. *See ECF*

*Nos. 83 and 79.*  While plaintiff has a right to disagree with court orders and to appeal those orders, he has an obligation to abide by such orders until they have been overturned or nullified through the appeal process.  Plaintiff may not discriminately choose which judicial process to abide by and which to ignore.  In *Maness v. Meyers*, the United States Supreme Court held:

> We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect…. The orderly and expeditious administration of justice by the courts requires that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings….[O]rders must be complied with promptly and completely, for the alternative would be to frustrate and disrupt the progress of the trial…. This does not mean, of course, that every ruling by a presiding judge must be accepted in silence. Counsel may object to a ruling. An objection alerts opposing counsel and the court to an issue so that the former may respond and the latter may be fully advised before ruling…. But, once the court has ruled, counsel and others involved in the action must abide by the ruling and comply with the court's orders. While claims of error may be preserved in whatever way the applicable rules provide, counsel should neither engage the court in extended discussion once a ruling is made, nor advise a client not to comply…. Remedies for judicial error may be cumbersome but the injury flowing from an error generally is not irreparable, and orderly processes are imperative to the operation of the adversary system of justice.

*Id.,* 419 U.S. 449, 458-60, 95 S. Ct. 584, 591-92 (1975).

Moreover, plaintiff cannot claim unfairness or that his case is not being processed by the court while at the same time he elects not to appear for court hearings or comply with court orders.

Plaintiff is cautioned that he will be sanctioned if he fails to appear for court hearings or comply with any future court order.  The Court has wide authority and "broad discretion to impose sanctions." *Official Airline Guides, Inc. v. Goss,* 6 F.3d 1385, 1397 (9th Cir. 1993).  Under Fed. R. Civ. P. 16(f)(1)(C), the Court may impose any "just" sanctions if a party fails to obey a scheduling or other

pretrial order. *Id.* A finding of bad faith under Rule 16 is not required. Sanctions per Rule 16 may be imposed even when disobedience is unintentional. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). The Court may also impose "any and all appropriate" sanctions under Local Rule IA 4–1. *Id.* Finally, the Court may impose sanctions pursuant to its inherent powers. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49, n. 13 (1991) (there is no indication in Rule 16 "of an intent to displace the inherent power, but rather simply to provide courts with an additional tool by which to control the judicial process."). Such sanctions may include case-ending sanctions, such as striking plaintiff's complaint.

ACCORDINGLY,

**IT IS ORDERED that** plaintiff is cautioned that any future failures to abide by Court orders will result in sanctions, including case dispositive sanctions.

Dated: June 25, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157

(9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.