# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Robert Wayne Kerner,

     Plaintiff

v.

United States of America, et al.,

     Defendants

Case No.: 2:23-cv-01872-JAD-MDC

**Order Denying Motion for Reconsideration and Related Requests and Advising that Further Unauthorized Notices Will Be Struck**

[ECF Nos. 58, 66, 67, 71, 84, 104, 105, 106]

Pro se plaintiff Robert Wayne Kerner sues the United States for medical malpractice, alleging that he was misdiagnosed and mistreated at the Department of Veterans Affairs Medical Center in North Las Vegas, Nevada. Kerner's filing of numerous versions of his pleading created confusion about which one was the operative one. But in a March 27, 2025, order, this court resolved that confusion and held that "the third amended complaint at ECF No. 29, which is the version of the complaint that the court ordered served upon the government, and which asserts a single claim for medical malpractice, is the operative complaint in this case."[1] That order also made it clear that the defendants timely answered that third amended complaint, not some other version of Kerner's pleading.[2] So the court also denied Kerner's motion to default the government for failing to defend against the operative pleading.[3] The order also denied Kerner's request that the undersigned judge recuse herself because he believes that the "handling of this case demonstrates a clear and continuing pattern of bias" favoring the government.[4]

---

[1] ECF No. 56 at 5.

[2] *Id*. at 3–5.

[3] *Id*. at 6.

[4] *Id*. at 2.

Kerner moves for reconsideration of that order and has filed a barrage of sanctions and default motions against the government, all rooted in his continuing insistence that the defendant hasn't responded to the right complaint. Because Kerner has not met his burden to show that reconsideration is warranted, and because the government timely answered and is defending against Kerner's operative complaint, I deny all of the motions.

**A.    The operative complaint is the third amended one, the defendant timely answered it, and it contains a single medical-malpractice claim only.**

Kerner remains convinced that the defendant answered the wrong version of his pleading, so he moves for reconsideration of the order denying his motions for default judgment against the United States for failing to defend against the right complaint.[5] Although my order carefully walked through the reasons that it is clear that the defendant answered the right version— including a chart that compares components of the third amended complaint with the government's answer[6]— Kerner does not address those points or any portion of my reasoning. He merely restates his conclusory assertion that "The Defendant filed an Answer on February 19, 2025 (ECF No. 43) to the previously nullified July 2024 version, violating the Order. The Court nevertheless allowed that Answer to stand, denying two separate motions to strike, and thereby prejudicing the Plaintiff's right to a just and timely ruling."[7]

But merely restating a disagreement with the result of a ruling is insufficient to garner reconsideration. This court's Local Rule (L.R.) 59-1 contemplates reconsideration of an interlocutory order if "(1) there is newly discovered evidence that was not available when the

---

[5] ECF No. 58 at 3.

[6] *See* ECF No. 56 at 4.

[7] ECF No. 58 at 3–4.

original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law."[8]  The rule cautions that "[m]otions for reconsideration are disfavored," and "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts.  A movant who repeats arguments will be subject to appropriate sanctions."[9]  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled,"[10] and it may not be based on arguments or evidence that could have been raised previously.[11]  Because Kerner has not identified a valid basis for reconsideration of the ruling that the defendants timely answered his third amended complaint, his request for reconsideration of that ruling is denied.  This case moves forward with the understanding that the third amended complaint at ECF No. 29 is the operative complaint, and the defendants properly and timely answered that pleading at ECF No. 43.  This court will not revisit this assertion again.

And it's important to note again that the only claim in this case is the one in that operative third amended complaint, which is a single claim for medical malpractice.  In his motion for reconsideration, Kerner states that this court's "March 27 Order entirely ignores" his

---

[8] L.R. 59-1(a).

[9] L.R. 59-1(b). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). While the Ninth Circuit has not established a standard of review for motions to reconsider interlocutory orders like this one, district courts frequently apply the standard applicable to FRCP 59(e) motions to reconsider final judgments.  *See In re Intel Corp. CPU Mktg., Sales Pracs. & Prods. Liab. Litig.*, 614 F. Supp. 3d 783, 788 (D. Or. 2022), aff'd, 2023 WL 7211394 (9th Cir. 2023) (collecting authorities).

[10] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[11] *See Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

civil-rights claims "which have been plead clearly in filings going back to January 2023."[12]  But the scope of claims to be litigated depends on what's pled in the operative complaint.  As the Ninth Circuit put it in *Newtok Village v. Patrick*, "A plaintiff is the master of his complaint and responsible for articulating cognizable claims."[13]  The only claim pled in Kerner's operative third amended complaint is a medical-malpractice claim against the government.[14]  So this case currently consists of just that—a single medical-malpractice claim against the government.

Although Kerner attempted to expand the scope of his claims by filing a fourth amended complaint in January, followed by various "notices" of civil-rights violations,[15] that fourth amended complaint was struck because it was filed without leave of court and in violation of this court's rules,[16] and Kerner was advised that if he "desires to file a fourth amended complaint, he must attach it to a properly filed motion for leave to amend that complies with this court's Local Rules 7-2 and 15-1."[17]  He has not done so.  And "notices" filed in the docket don't operate to expand or amend the scope of an operative pleading.  So this case concerns only Kerner's single claim against the United States for medical malpractice; there are no civil-rights violations being litigated in this case.

---

[12] ECF No. 58 at 4.

[13] *Newtok Vill. v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021).

[14] *See* ECF No. 29.

[15] *See, e.g.*, ECF Nos. 59, 60, 63, 64, 65, 83.

[16] *See* ECF No. 56 at 5.

[17] *Id*.

1

2

**B.     Kerner is cautioned that his "notices" that are not filed in accordance with a specific court rule will be disregarded.**

3     More must be said about Kerner's "notices."  In the 20-month life of this case, Kerner has

4  filed 17 notices to alert this court to something that occurred or that he perceives.  The theme of

5  the vast majority of these filings is that Kerner is dissatisfied with the course of this case,

6  maintains that the defendant hasn't answered the right version of his complaint, believes that this

7  litigation is taking too long, thinks this judge is biased, and wants a remedy now—without

8  having to wait for trial.  Unfortunately, that's not how litigation works.  This is a process,

9  governed by rules.  The scheduling order in this case shows that the discovery period is

10  scheduled to continue through September 29, 2025.[18]  Once the discovery period is over, parties

11  typically file motions for summary judgment.  That briefing process is lengthy, and because the

12  court has thousands of civil cases like Kerner's, it takes many, many months for the court to

13  decide such motions.  The reality, then, is that this case still has many months of litigation ahead.

14     Kerner is advised that this court will not take action in response to his repeated filings of

15  such notices.  They are not authorized by any specific rule of this court and do not have a legal

16  significance in this case.  These notices clog the docket, confuse the record, and only further

17  delay this case.  This court has the inherent power to control its docket, which includes "the

18  power to strike items from the docket as a sanction for litigation conduct" and "to determine

19  what appears in the court's records."[19]  Kerner is cautioned that further notices not filed in

20  accordance with and authorized by a specifically cited rule of this court will be disregarded and

21

_____

22  [18] ECF No. 57.  This court notes that the defendant has filed a motion to extend that deadline.
ECF No. 102.  That motion will be decided by the magistrate judge, and nothing in this order is
intended to limit the magistrate judge's ability to grant an extension of any scheduling-order
23  deadline.

[19] *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010).

may be struck.  If Kerner wants this court to take a specific action, he must file a proper motion, supported by a memorandum of points and authorities as Local Rule 7-2(a) requires, and he must cite the rule that authorizes the court to take such action.

**C.     Requests for sanctions, orders to show cause, or default are without merit.**

While his motion for reconsideration has been pending, Kerner has filed four motions seeking sanctions against the government for a host of litigation "abuses" that he perceives, including "administrative sloppiness"[20] and unspecified delays—but mainly because he continues to believe that the government answered a "nullified" or "superseded" complaint.[21] He asks for entry of default, "dismissal," sanctions against government counsel under 28 U.S.C. § 1927,[22] and a $2.85 million default judgment.[23]

These requests are based on two fundamental misunderstandings.  The first is that the government hasn't answered the operative complaint.  It has.  There has thus been no default, and no default judgment is available under Federal Rule of Civil Procedure (FRCP) 55.  The second misunderstanding concerns the pace of litigation.  Kerner decries "[t]he unnecessary prolongation of the case,"[24] but he has not shown that the defense is responsible for undue delay in this case.  Just one scheduling order has issued so far, and it appears that this case is

---

[20] Sloppiness and (even chronic) tardiness fall short of the threshold of intentional conduct needed for sanctions to issue.  *See Fink v. Gomez*, 239 F.3d 989, 992–93 (9th Cir. 2001) (collecting cases that demonstrate that oversight, tardiness, negligence, and inadvertent error don't justify sanctions).

[21] *See, e.g.*, ECF No. 71 at 2–3; ECF No. 84 at 2–3.

[22] *See, e.g.*, ECF No. 67.

[23] ECF No. 104 at 5.

[24] ECF No. 84 at 3.

proceeding in accordance with that schedule.[25]  Kerner has thus not established that the defense is engaging in the type of bad-faith conduct necessary for an award of sanctions under 28 U.S.C. § 1927.[26]  Default, default judgment, dismissal, sanctions, or an order to show cause are not warranted.

**D.    Repeated filings based on repeatedly rejected assertions may subject Kerner to sanctions.**

I take this opportunity to advise Kerner that *his* repeated filings that seek the same relief over and over again, particularly on already rejected arguments, may however subject *him* to sanctions for vexatiously multiplying the proceedings and abusing the litigation process.  FRCP 11(c) authorizes courts to "impose an appropriate sanction on" a party[27] "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose."[28]  "Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'"[29]  Because this court has now repeatedly

---

[25] There is also a pending motion for discovery-related sanctions that has been referred to the magistrate judge for resolution.  *See* ECF No. 100.  This order does not address that motion, and my comments on the progress of discovery are not intended to suggest any ruling on it.

[26] *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) ("For sanctions [under 28 U.S.C. § 1927] to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass.").

[27] Fed. R. Civ. P. 11(c).

[28] *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996).

[29] *Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 873 (9th Cir. 2014) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).

1  rejected Kerner's argument that the government answered the wrong complaint, any future filing

2  based on that contention would likely be legally untenable and not grounded in fact.[30]

3  **E.    Reconsideration of the court's denial of recusal is not warranted.**

4      Kerner's motion for reconsideration also asks for reconsideration of the denial of his

5  motion for recusal.[31]  Kerner sought recusal based on his perception that the rulings by the

6  undersigned judge and the way in which this case is being administered unfairly favors the

7  defense.  For example, he argued that "Judge Dorsey has permitted Defendant to continue

8  litigating based on a dismissed complaint" and "[a]llowing Defendant to proceed under an

9  invalid filing is a violation of due process and constitutes judicial inconsistency favoring one

10  party over the other."[32]  He asserted, without citing any example, that his motions "have been

11  delayed, dismissed, or ignored, while motions by the Defendant have been granted with minimal

12  scrutiny."[33]  And he contended that he "ha[d] been subjected to disparate treatment in hearings

13  and filings," though there had yet been no hearings, and he characterized the court's language as

14  "dismissive and prejudicial rhetoric against Plaintiff" with "excessive deference" to the

15  defense.[34]  Because the United States Supreme Court's opinion in *Liteky v. United States* makes

16  it clear that none of these reasons supports recusal, I denied the motion.[35]

17

18

19

---

20  [30] Further challenges to this conclusion will have to be made on appeal; they should not be repeated to this court.

21  [31] ECF No. 58 at 2.

    [32] ECF No. 45 at 3.

22  [33] *Id*.

23  [34] *Id*. at 4.

    [35] ECF No. 56 at 2 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Kerner argues that reconsideration is necessary because I disregarded his "extrajudicial evidence": an email from an Assistant United States Attorney, attached to a prior filing,[36] which Kerner says "nam[es] DOJ officials in a coordinated delay strategy."[37]  But Kerner does not offer any support for the proposition that my disregard of this email merits recusal.  To the extent that he is suggesting that I must be biased if I don't rule in his favor in light of that evidence, this only highlights the reason why denying recusal was appropriate—recusal is not an available remedy for unfavorable judicial rulings,[38] "even when the number of such unfavorable rulings is extraordinarily high on a statistical basis."[39]

Finally, Kerner suggests that this court demonstrated bias by denying his "Amended Motion to Strike Defendant's Answer and Request to Expedite Ruling" without waiting for the defendant's response.[40]  That motion was grounded in Kerner's misguided argument that the government answered the wrong complaint.[41]  Because that was the very same argument that Kerner raised in his motion to strike the defendant's answer at ECF No. 44, which the government had responded to at ECF No. 46, this court did not need to wait for a response to the second-filed motion.[42]  Kerner's motion for reconsideration is denied.

---

[36] ECF No. 40-1.

[37] ECF No. 58 at 3.

[38] *Liteky*, 510 at 555.

[39] *Matter of Beverly Hills Bancorp,* 752 F.2d 1334, 1341 (9th Cir. 1984).

[40] ECF No. 58 at 2.

[41] *See* ECF Nos. 53, 54, 55 (single motion docketed at three separate entries because it sought three types of relief).

[42] For the same reason, this court need not wait for a response to Kerner's verified motion for entry of default and default judgment, request for order to show cause, and notice of procedural finality, filed at ECF Nos. 104–106.  This motion, too, is grounded in the erroneous belief that the government has not answered the third amended complaint.

**Conclusion**

IT IS THEREFORE ORDERED that

- Robert Wayne Kerner's motion for reconsideration **[ECF No. 58] is DENIED**; and

- Kerner's motions for sanctions, entry of default, default judgment, dismissal, or orders to show cause **[ECF Nos. 66, 67, 71, 84, 104, 105, 106] are also DENIED**.

- **The parties are reminded that the third amended complaint at ECF No. 29, which asserts a single claim for medical malpractice, is the operative complaint, and it has been answered by the government at ECF No. 43. Future motions, notices, or other filings in this case based on the assertion that the government has not answered the operative complaint will be summarily denied or struck and do not require a response by the defendant.**

- **"Notices" that are not explicitly authorized by, and do not cite to, a rule of this court should not be filed, will be disregarded, and may be struck from the docket without prior notice.** If Kerner seeks relief from or desires to make a request for action by this court, that request must be filed as a proper motion that complies with Local Rule 7-2, not as a "notice."

_____

U.S. District Judge Jennifer A. Dorsey
July 16, 2025