TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
Nevada Bar No. 8264

VIRGINIA T. TOMOVA
Assistant United States Attorney
Nevada Bar No. 12504
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6533
Virginia.Tomova@usdoj.gov

*Attorneys for the Federal Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Robert Wayne Kerner,<br><br>                    Plaintiff,<br><br>       v.<br><br>United States of America,<br><br>                    Defendant. | Case No. 2:23-cv-01872-JAD-MDC<br><br>**Federal Defendant's Motion to Extend Discovery Deadlines and Deadline to Respond to ECF No. 119**<br><br>**(Second Request)** |

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), as well as LR IA 6-1, LR 26-3, Federal Defendant United States of America moves to extend all remaining deadlines by 30 days. Because of the government shutdown, as well as significant other factors explained below, an additional 30-day extension of all deadlines in this case is necessary. On November 26, 2025, the United States emailed *pro se* Plaintiff about its request for an extension. Plaintiff's response neither expressly rejected nor approved the request, necessitating this instant motion. *See* Exhibit A.

### Memorandum of Points and Authorities

Plaintiff sues the United States for medical malpractice alleging that he was misdiagnosed with bladder cancer and received unnecessary medical treatment at the Department of Veterans Affairs Medical Center in North Las Vegas, Nevada. ECF No. 29 (the operative complaint). Plaintiff claims he suffered financial losses, damages, and out of pocket expenses in the amount of $1,150,000. *Id.*, pp. 4-5.

Under Federal Rule of Civil Procedure 6(b), a court may, "for good cause," extend a deadline if a request is made "before the original time or its extension requires." Fed. R. Civ. P. 6(b)(1)(A); *see also* Local Rule IA 6-1(a). The Ninth Circuit has equated good cause with the exercise of due diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The District of Nevada has found that "practicalities of life" such as personal commitments including illness "often necessitate an enlargement of time to comply with a court deadline." *Gates v. Legrand*, No. 3:16-cv-00401-MMD-CBC, 2019 U.S. Dist. LEXIS 71222, *3 (D. Nev. Apr. 25, 2019) (*citing Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D. Pa. 1962)). Additionally, Fed. R. Civ. P. 6(b)(1) should "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits," and "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal citations omitted).

**A.   Request for Extension of Remaining Discovery Deadlines**

    **1.   Discovery and other matters completed to date**

        a.   On April 14, 2025, the United States served Plaintiff, via mail and email, its initial Fed. R. Civ P. 26 disclosures, which Plaintiff received. *See* ECF No. 63.

        b.   On May 21, 2025, the United States served Plaintiff, via mail and email, a first set of interrogatories, requests for admission, and requests for production of documents, which Plaintiff received. *See* ECF No. 78.

        c.   Plaintiff's discovery responses were due on June 20, 2025.

        d.   On June 16, 2025, the United States appeared at the discovery status hearing set by the Court's scheduling order. Plaintiff did not appear. ECF No. 95.

        e.   On June 25, 2025, the Court denied Plaintiff's motion for a protective order to stay discovery. ECF No. 93.

    f. On July 3, 2025, the United States served Plaintiff, via mail and email, its first supplement to its Fed. R. Civ. P. 26 disclosures, which Plaintiff received. *See* ECF No. 96. The United States also reminded Plaintiff of his outstanding discovery.

    g. On July 16, 2025, and July 18, 2025, the United States emailed Plaintiff to request a meet-and-confer regarding his outstanding discovery. On July 21, 2025, Plaintiff responded that he declined to engage in a meet and confer regarding discovery matters.

    h. On July 31, 2025, the United States served Plaintiff, via mail and email, its Designation of Expert Witnesses.

    i. On September 3, 2025, the United States emailed Plaintiff to request dates for a deposition. Plaintiff did not respond to that email.

    j. On September 29, 2025, the United States served Plaintiff, via mail and email, its Supplemental Designation of Expert Witnesses.

    k. To date, Plaintiff has continued to not participate in the discovery process, which has caused an undue burden and prejudice to the United States' defense.

**2. General Order 2025-27's Automatic Stay Of 53 Days**

On October 2, 2025, following the lapse in appropriations for the federal government, the Court issued General Order No. 2025-07, which imposed a general stay of "all civil actions and civil miscellaneous matters pending in the U.S. District Court for the District of Nevada." *See* Gen. Order 2025-07 at 1:14-18. The Court further ordered that "all filing and discovery deadlines imposed upon the United States, any of its federal agencies, and any of its officers or employees, are extended by the number of days equal to the length (in days) of the lapse of appropriations plus ten days, provided that if the lapse is seven days or fewer, such extension shall be the number of days equal to the length (in days) of the lapse of appropriations plus five days." *Id*. at 1:18-22.

On November 12, 2025, the United States Congress enacted, and the President signed, a continuing resolution restoring appropriations and funding for the Department of Justice. In accordance with General Order No. 25-07, ¶6, the United States Attorney's

3

Office notified the Court on November 13, 2025, that funding had been restored effective November 12, 2025. Accordingly, the deadlines set forth in this Court's previous Extension Order (ECF No. 116) are automatically postponed by fifty-three (53) days for the Federal Defendant.

3. **Discovery that remains to be completed**

   a. Plaintiff has not provided his initial Fed. R. Civ. P. 26 disclosures, due April 14, 2025, as required under Rule 26(a)(1).

   b. Plaintiff has not provided his discovery responses, due June 20, 2025, pursuant to Rules 33, 34, and 36.

   c. Plaintiff has not provided his availability for a deposition.

   d. Disclosures of rebuttal experts are due by December 15, 2025. *See* ECF No. 116 and Gen. Order 2025-07.

   e. Discovery cut off is January 20, 2026. *Id.*

   f. Dispositive motions are due on February 20, 2026. *Id.*

   g. The proposed joint pretrial order is due on March 27, 2026, if no dispositive motions are filed. *Id.*

4. **Reasons why discovery has not been completed**

Due to Plaintiff's continued refusal to participate in discovery regarding his claims, and his failure to provide initial disclosures and discovery responses, the United States has been stalled in its ability to proceed with discovery and further litigation of this case. This has unfairly prejudiced the United States in its defense against Plaintiff's claims. During the 43-day lapse of government appropriations, work could not progress on preparing the necessary motion work to compel Plaintiff's participating in discovery. Additionally, undersigned counsel for Federal Defendant is currently one of only two full-time defensive AUSAs in the civil division for the United States Attorney's Office in the District of Nevada and will have limited availability until the expected arrival of new AUSA hires in January. For these reasons, the United States respectfully requests that the Court grant its instant motion to extend all remaining deadlines by 30 days.

**5.     Proposed revised discovery and response schedule**

A 30-day extension of all remaining deadlines in the case would result in the following revised discovery and response schedule:

| Remaining Case Activity | Current Deadline[1] | Proposed Deadline |
|---|---|---|
| Response to ECF No. 119 | December 15, 2025 | **January 14, 2026** |
| Rebuttal Expert Reports | December 22, 2025 | **January 21, 2026** |
| Discovery Cut-Off | January 20, 2026 | **February 19, 2026** |
| Dispositive Motions | February 20, 2026 | **March 23, 2026** |
| Joint Pretrial Order[2] | March 27, 2026 | **April 27, 2026** |

This is the second request to extend discovery deadlines and the first request to extend the time to respond to Plaintiff's most recent motion (ECF No. 119). This request is made in good faith and not for the purposes of any undue delay.

Respectfully submitted this 1st day of December 2025.

SIGAL CHATTAH
First Assistant United States Attorney

*/s/ Virginia T. Tomova*
VIRGINIA T. TOMOVA
Assistant United States Attorney

*Attorneys for the Federal Defendant*

**IT IS SO ORDERED: The foregoing Motion is granted for good cause shown and per LR 7-2(d) because plaintiff did not file a response or opposition.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 12-17-25

---

[1] Adding 53 days to previous deadlines per General Order 2025-07.
[2] If dispositive motions are filed, the joint pretrial order is due thirty days from the Court's ruling on such motions.