TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
Nevada Bar No. 8264

VIRGINIA T. TOMOVA
Assistant United States Attorney
Nevada Bar No. 12504
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6533
Virginia.Tomova@usdoj.gov

*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Robert Wayne Kerner,<br><br>               Plaintiff,<br><br>    v.<br><br>United States of America,<br><br>               Defendant. | Case No. 2:23-cv-01872-JAD-MDC<br><br>**United States of America's Motion to Extend Discovery Deadlines and Deadline to Respond to ECF No. 119**<br><br>**(Third Request)** |

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), as well as LR IA 6-1, LR 26-3, Federal Defendant United States of America moves to extend all remaining deadlines by six weeks. Because of undersigned counsel taking leave to care for a family member, as well as significant other factors explained below, an additional six-week extension of all deadlines in this case is necessary. On January 8, 2026, the United States emailed *pro se* Plaintiff about a request for a thirty-day extension. At time of filing, further reassessment has led the United States to adjust its request to six weeks. The United States has received no response from Plaintiff to undersigned's knowledge, necessitating this instant motion.

### Memorandum of Points and Authorities

Plaintiff sues the United States for medical malpractice alleging that he was misdiagnosed with bladder cancer and received unnecessary medical treatment at the Department of Veterans Affairs Medical Center in North Las Vegas, Nevada. ECF No. 29

(the operative complaint). Plaintiff claims he suffered financial losses, damages, and out of pocket expenses in the amount of $1,150,000. *Id.*, pp. 4-5.

Under Federal Rule of Civil Procedure 6(b), a court may, "for good cause," extend a deadline if a request is made "before the original time or its extension requires." Fed. R. Civ. P. 6(b)(1)(A); *see also* Local Rule IA 6-1(a). The Ninth Circuit has equated good cause with the exercise of due diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The District of Nevada has found that "practicalities of life" such as personal commitments including illness "often necessitate an enlargement of time to comply with a court deadline." *Gates v. Legrand*, No. 3:16-cv-00401-MMD-CBC, 2019 U.S. Dist. LEXIS 71222, *3 (D. Nev. Apr. 25, 2019) (*citing Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D. Pa. 1962)). Additionally, Fed. R. Civ. P. 6(b)(1) should "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits," and "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal citations omitted).

**A.      Request for Extension of Remaining Discovery Deadlines**

      **1.          Discovery and other matters completed to date**

a.      On April 14, 2025, the United States served Plaintiff, via mail and email, its initial Fed. R. Civ P. 26 disclosures, which Plaintiff received. *See* ECF No. 63.

b.      On May 21, 2025, the United States served Plaintiff, via mail and email, a first set of interrogatories, requests for admission, and requests for production of documents, which Plaintiff received. *See* ECF No. 78.

c.      Plaintiff's discovery responses were due on June 20, 2025.

d.      On June 16, 2025, the United States appeared at the discovery status hearing set by the Court's scheduling order. Plaintiff did not appear. ECF No. 95.

e.      On June 25, 2025, the Court denied Plaintiff's motion for a protective order to stay discovery. ECF No. 93.

f.      On July 3, 2025, the United States served Plaintiff, via mail and email, its first supplement to its Fed. R. Civ. P. 26 disclosures, which Plaintiff received. *See* ECF No. 96. The United States also reminded Plaintiff of his outstanding discovery.

g.      On July 16, 2025, and July 18, 2025, the United States emailed Plaintiff to request a meet-and-confer regarding his outstanding discovery. On July 21, 2025, Plaintiff responded that he declined to engage in a meet and confer regarding discovery matters.

h.      On July 31, 2025, the United States served Plaintiff, via mail and email, its Designation of Expert Witnesses.

i.      On September 3, 2025, the United States emailed Plaintiff to request dates for a deposition. Plaintiff did not respond to that email.

j.      On September 29, 2025, the United States served Plaintiff, via mail and email, its Supplemental Designation of Expert Witnesses.

k.      To date, Plaintiff has continued to not participate in the discovery process, which has caused an undue burden and prejudice to the United States' defense.

**2.    Discovery that remains to be completed**

a.      Plaintiff has not provided his initial Fed. R. Civ. P. 26 disclosures, due April 14, 2025, as required under Rule 26(a)(1).

b.      Plaintiff has not provided his discovery responses, due June 20, 2025, pursuant to Rules 33, 34, and 36.

c.      Plaintiff has not provided his availability for a deposition.

d.      Disclosures of rebuttal experts are due by January 21, 2026. *See* ECF No. 121.

e.      Discovery cut off is February 19, 2026. *Id.*

f.      Dispositive motions are due on March 23, 2026. *Id.*

g.      The proposed joint pretrial order is due on April 27, 2026, if no dispositive motions are filed. *Id.*

/ / /

**4.    Reasons why discovery has not been completed**

Due to Plaintiff's continued refusal to participate in discovery regarding his claims, and his failure to provide initial disclosures and discovery responses, the United States has been stalled in its ability to proceed with discovery and further litigation of this case. This has unfairly prejudiced the United States in its defense against Plaintiff's claims. Additionally, undersigned counsel for the United States is still one of only two full-time defensive AUSAs in the civil division for the United States Attorney's Office in the District of Nevada and has still needed to prioritize the yet continued influx of petitions for habeas corpus and their expedited briefing schedules. Further staffing shortages in December for holidays and illness severely compounded this already extreme workload, and undersigned counsel is now taking leave to care for a family member which will stretch past the current deadline to respond to Plaintiff's motion (ECF No. 119). The USAO anticipates bringing in new hires in the next two weeks who can reduce undersigned AUSA's workload and allow for the requisite attention to be given to this matter, including drafting and filing motions to compel discovery as well as the response to Plaintiff's motion (ECF No. 119). For these reasons, the United States respectfully requests that the Court grant its instant motion to extend all remaining deadlines by six weeks.

**5.    Proposed revised discovery and response schedule**

A six-week extension of all remaining deadlines in the case would result in the following revised discovery and response schedule:

| Remaining Case Activity | Current Deadline | Proposed Deadline |
|---|---|---|
| Response to ECF No. 119 | January 14, 2026 | **February 18, 2026** |
| Rebuttal Expert Reports | January 21, 2026 | **February 25, 2026** |
| Discovery Cut-Off | February 19, 2026 | **April 2, 2026** |
| Dispositive Motions | March 23, 2026 | **May 4, 2026** |
| Joint Pretrial Order[1] | April 27, 2026 | **June 8, 2026** |

---

[1] If dispositive motions are filed, the joint pretrial order is due thirty days from the Court's ruling on such motions.

This is the third request to extend discovery deadlines and the second request to extend the time to respond to Plaintiff's most recent motion (ECF No. 119). This request is made in good faith and not for the purposes of any undue delay.

Respectfully submitted this 9th day of January 2026.

SIGAL CHATTAH
First Assistant United States Attorney

/s/ Virginia T. Tomova
VIRGINIA T. TOMOVA
Assistant United States Attorney

*Attorneys for the United States*

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** 2-4-26 _____

5