**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Robert Wayne plaintiff,<br><br>                    Plaintiff(s),<br><br>vs.<br><br><br>United States of America,<br><br>                    Defendant(s). | 2:23-cv-01872-JAD-MDC<br><br>**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTIONS TO AMEND (ECF NOS. 127 AND 128)**<br><br>**AND**<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL (ECF NO. 129)** |

Pro se plaintiff filed identical *Motions for Leave to Amend* (ECF Nos. 127 and 128) and the defendant United States of America filed a *Motion to Compel* (ECF Nos. 129). The Court **RECOMMENDS DENYING** the Motions for Leave to Amend. The Court **DENIES** the Motion to Compel without prejudice because the parties failed to comply with the Court's Standing Order. *See ECF No. 15*.

**I.       LEGAL STANDARD**

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Federal Rule of Civil Procedure 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight. Prejudice is the touchstone of the inquiry under Fed. R. Civ. P. 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1049 (9th Cir. 2003). The Ninth Circuit has declared that when a party files a motion for leave to amend after the date set forth in Rule 16 scheduling order, "the party [can] not appeal to the liberal amendment procedures afforded by Rule 15; [the] tardy motion ha[s] to satisfy

1

the more stringent 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (emphasis in original). "The denial of a motion to amend a complaint is reviewed for abuse of discretion." *Johnson*, 356 F.3d at 1069.

Pursuant to LR 1-1(b)(2), Judge Couvillier requires the parties to follow the procedures outlined below regarding any discovery dispute. No discovery motion may be filed until the following procedure has been followed and such motion is ordered by Judge Couvillier:

1.  If a discovery dispute arises the parties must first meet and confer to try to resolve their dispute in compliance with LR IA 1-3(f). Lead counsel for each party shall meet and confer in person, videoconference, or telephone. A mere exchange of letters or e-mails does not satisfy the meet and confer requirement.

2.  If the parties are unable to resolve their dispute informally after a good-faith effort, the parties must file a single document captioned "Stipulation Regarding Discovery Dispute" that addresses each one of the following items:

i.    A brief, joint summary of the discovery dispute not to exceed one (1) page;

ii.   A restatement of the full text of the discovery requests, or deposition question, in dispute as originally stated and the responses to the requests.  This may be done in single-spaced, 10-font.  A joint summary of the meet-and-confer efforts as required by LR IA 1-3(f), which includes: (1) a summary of discussions; (2) identification of time, place, manner, and participants; and (3) certification from counsel that, despite a sincere effort, the parties were unable to resolve or narrow the dispute without court intervention.  This joint meet-and-confer summary may not exceed two (2) pages.

iii.  An explanation, without boilerplate language, of the position taken by each side, not to exceed two (2) pages per side.

iv.   Each side must make a proposal of compromise or resolution of the disputed discovery (e.g., request, interrogatory, deposition question).  The proposal may not exceed two (2) pages per side. 3. Upon review of the filed "Stipulation Regarding Discovery Dispute," Judge Couvillier may set a telephonic conference, order written briefing, or enter an order deciding the dispute without conference or briefing.

3.  Upon review of the filed "Stipulation Regarding Discovery Dispute," Judge Couvillier may set a telephonic conference, order written briefing, or enter an order deciding the dispute without

conference or briefing.

See Standing Order, *ECF No. 15*.

Pro se plaintiffs are "expected to abide by the rules of the court in which he litigates." *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir.1986). "He who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an advocate for or to assist and guide the pro se layman through the trial thicket." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007); See also *Garity v. Donahoe*, No. 2:11-cv-01805-MMD-CWH, 2014 U.S. Dist. LEXIS 37465, 2014 WL 1168913, at *6 (D. Nev. Mar. 21, 2014), citing *Shahata v. W Steak Waikiki, LLC*, 2010 U.S. Dist. LEXIS 139157, 2010 WL 5559320, *8 (D. Haw. Nov. 29, 2010) (noting plaintiff's in forma pauperis and pro se status do not prohibit an award of fees).

## II.    ANALYSIS

Plaintiff argues in his identical Motions for Leave to Amend that he needs to narrow and clarify some factual allegations to events predating January 2023. *ECF Nos. 127 and 128*. Defendant argues it would be prejudiced because (1) the amendment deadline has long passed and (2) allowing an amendment this late would change the scope of discovery. Plaintiff did not file a reply. The defendant argues in its Motion to Compel that plaintiff has refused to provide responses to its requests. *ECF No. 129*. Plaintiff did not file a response to the Motion to Compel.

Plaintiff filed a third amended complaint at the end of 2024. *ECF No. 29*. The deadline for plaintiff to amend his complaint passed last year on July 1, 2025. *ECF No. 57 at 2:13-14*. This deadline has not been extended. Fifteen days later, on July 16, 2025, the Court entered an Order addressing various documents filed by plaintiff. *ECF No. 108*. The Court laid out the steps that plaintiff needed to complete if he wanted to amend the complaint and found that plaintiff's prior attempts to file a fourth amended complaint were invalid. *Id. at 4:7-15*. Plaintiff now attempts to file

the instant Motions to Amend 223 days after this Court entered this order. Plaintiff does not explain why such a delay should be excused based upon excusable neglect or good cause.

The Court finds that the defendant would be prejudiced by the delay in this filing. Plaintiff filed it shortly before the date that discovery closed on April 2, 2026. Allowing an amendment this late changes the scope of discovery with plaintiff attempting to add more facts. Although the Court denies the Motion to Compel for failing to comply with the Court's Standing Order, the Court notes that plaintiff did not rebut the allegations the defendant made in Motion to Compel (i.e. that he has failed to respond to discovery requests). Plaintiff has not participated in discovery and thus, this further compels denying leave to amend. Plaintiff's delay in filing here is not supported by any reason or excuse. This delay was in the exclusive control of plaintiff. Plaintiff did not file a Motion for Leave to Amend within a reasonable amount of time after this Court's Order last year. Plaintiff's late filing does not support a finding of good faith, especially when plaintiff does not explain why he was delayed in filing and has not participated in discovery. The Court recommends denying plaintiff's Motions for Leave to Amend (ECF Nos. 127 and 128).

The Court denies the Motion to Compel without prejudice (ECF Nos. 129). The parties may refile it in compliance with the Court's Standing Order after meeting and conferring.  If plaintiff fails to cooperate, defendant may file a unilateral *Stipulation Regarding Discovery Dispute* pursuant to the Court's Standing Order and detail the efforts made to confer with plaintiff. The Court cautions plaintiff that if he refuses to comply with the Standing Order and participate in the discovery resolution process provided therein, including participating in preparing the requisite discovery stipulation, he will be subject to sanctions, including recommendation to dismiss his claims with prejudice.

**IT IS RECOMMENDED THAT** plaintiff's *Motions for Leave to Amend* (ECF Nos. 127 and 128) be **DENIED.**

**IT IS ORDERED** that defendant's Motion to Compel (ECF Nos. 129) is **DENIED** without prejudice.

DATED:    April 24, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, parties must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in sanctions.**