**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Robert Wayne Kerner,

      Plaintiff

v.

United States of America, et al.,

      Defendants

Case No.: 2:23-cv-01872-JAD-MDC

**Order Denying Motion to Seal Without Prejudice to Refiling**

[ECF No. 139]

Defendant United States of America moves to seal its motion for summary judgment and all attached exhibits, contending that each document contains plaintiff Robert Wayne Kerner's "medical records as well as personally identifiable information" (PII).[1] The government's motion is deficient for two reasons. First, it applies the good-cause standard to argue that sealing is required.[2] But the Ninth Circuit has clearly established two standards for sealing judicial records: the good-cause standard applies to exhibits attached to non-dispositive motions, and the higher, compelling-reasons standard applies to dispositive motions.[3] The government's summary-judgment motion is the epitome of a dispositive motion, so the compelling-reasons standard applies. Because the government used the wrong standard, I cannot determine whether it is appropriate to keep these records sealed.

Second, the government lumps its motion and every exhibit together to argue that all of these documents must remain sealed under the general assertion that they all "contain medical

---

[1] ECF No. 139.

[2] *Id.* at 2.

[3] *See, e.g., In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

records as well as" PII.[4]  Based on a cursory glance at the motion and its exhibits, not every document contains that private information.  Though the government's summary-judgment motion discusses Kerner's medical history, it does not itself contain medical records or PII. Neither does the expert report attached as exhibit B.  And exhibit C is merely a declaration attesting to the accuracy of Kerner's records.  Kerner's experience at the U.S. Veterans Affairs Medical Center and the alleged misdiagnosis of his medical conditions are central to the claims in this case, and the government has not shown that compelling reasons would justify sealing the discussion of his medical records.  So I deny the government's motion to seal without prejudice and order it to file a renewed motion (1) applying the correct standard and (2) explaining why it believes each exhibit should separately remain sealed under that standard.

**Conclusion**

IT IS THEREFORE ORDERED that the United States of America's motion to seal **[ECF No. 139] is DENIED.  The government must file a renewed motion to seal that complies with this order by July 20, 2026.**

IT IS FURTHER ORDERED that the Clerk of Court is directed to **MAINTAIN THE SEAL on ECF No. 140 until further notice**.

_____
U.S. District Judge Jennifer A. Dorsey
July 9, 2026

---

[4] ECF No. 139 at 1.