UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robert Wayne Kerner,<br>Plaintiff(s),<br>vs.<br>U.S. Veteran Affairs Medical Center,<br>Defendant(s). | 2:23-cv-01872-JAD-MDC<br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY (ECF NOS. 143)** |

Plaintiff filed a *Motion to Reopen Discovery* ("Motion")(ECF No. 143). The Court **DENIES** the Motion.

## I. LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, district courts are directed to consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp*., 866 F.3d 1060, 1066 (9th Cir. 2017) (citations omitted).

There is no basis for reopening discovery where the justification is "merely speculative" and the party moving to reopen discovery does not identify what evidence, if any, additional discovery would reveal. *Abila v. United States*, No. 2:09-CV-01345-KJD, 2013 U.S. Dist. LEXIS 16141, 2013 WL

486973, at *4 (D. Nev. Feb. 6, 2013) (*citing First Nat'l Bank of Ariz. v. Cities Serv. Co*., 391 U.S. 253, 294 (1968) (finding no error in denying further discovery when the "petitioner has [offered] only speculation as to what discovery…would reveal...")

## II. ANALYSIS

Plaintiff argues in his Motion that the defendants (1) have complained about unresolved discovery issues, (2) engaged in a one-sided discovery process that has allowed the defendants to develop their case, and (3) prevented plaintiff the same opportunity to conduct discovery. *ECF No. 143 at 1*. Defendants argue in the response that the unresolved discovery issues arose because plaintiff refused to respond to outstanding discovery responses. *ECF No. 150 at 1.* Defendants also argue that the plaintiff has not explained what specific discovery he needs. *Id*. Plaintiff argues in the reply that defendants benefited from multiple extensions to file their dispositive motion, so it is one-sided to not allow him to reopen discovery. *ECF No. 151 at 2*. Plaintiff argues that he wants to reopen discovery for sixty days so that he can obtain discovery pertaining to (1) the defendants' expert report, (2) the issues defendants raised in their pending motion for summary judgment, and (3) to address any other "unresolved discovery issues" that defendants represented exist.

Discovery closed earlier this year and the defendants filed their motion for summary judgment. *ECF No. 145*. None of the Pomona factors weigh in plaintiff's favor. *City of Pomona*, 866 F.3d at 1066. It is close to the end of this case and trial is imminent if the Court denies summary judgment. Defendants oppose discovery and would be prejudiced given that this case has been open for years and is now close to the end. The fourth and fifth factors weigh in defendants' favor given that the Court extended the discovery deadlines three times in this case (ECF Nos. 57 and 124), which means plaintiff had over a year to take discovery to prosecute his case. Plaintiff was not diligent in obtaining discovery during the lengthy discovery period. Despite given opportunities, plaintiff demonstrably refused to

participate in discovery or the general litigation process, including refusing to answer discovery, responding to motions, appearing at hearings, or adhering to court orders. *See e.g., ECF Nos. 88, 108, 114, 120 and 129.* Plaintiff does not provide any reasonable explanation for his disengagement or delay in pursuing his claim and conducting discovery to support his claims. The sixth factor weighs against plaintiff because he has not shown that discovery will lead to relevant evidence. Plaintiff does not identify any specific evidence he anticipates arising from further discovery, but rather he speculates that he may be able to find evidence to rebut the defendant's expert and dispositive motion. The Court finds that good cause does not exist to reopen discovery.

**IT IS ORDERED** that plaintiff's *Motion to Reopen Discovery* is **DENIED.**

DATED: October 13, 2026

_______________________________
Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written

notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**